Per Curiam.

In this action in habeas corpus, petitioner is attacking both of his convictions. He urges that both his Stark County and Summit County convictions were invalid because the courts at the preliminary hearings refused to appoint counsel. Under the provisions of Section 2941.50, Revised Code, the right of an indigent to the appointment of counsel at the expense of the state arises after indictment. There is *50 no provision in the law which requires the appointment of counsel at the preliminary hearing. So far as petitioner’s Stark County conviction is concerned, counsel was appointed to represent him after the return of the indictment, and, as to his Summit County conviction, petitioner waived counsel in writing.
Petitioner argues that at the time of his arrest in Stark County he had money and could have retained counsel, but that his money was attached and the court denied him the right to call and retain counsel. The fact is that a civil suit was brought against petitioner as a result of one of the checks he forged, and his money was attached. The court was not responsible for the bringing of such action or the fact that the funds were thereby encumbered. That situation arose as a result of petitioner’s own criminal act. There is no evidence that petitioner attempted to obtain counsel on his own behalf.
No rights are waived or defenses lost at a preliminary hearing, and the refusal of the examining magistrate to appoint counsel at that time did not deprive petitioner of his constitutional rights.
Next, petitioner urges that he was denied a speedy trial in Stark County. He maintains that he was held for 11 months in solitary confinement until ill health forced him to plead guilty. This statement as to his period of detention is completely misleading. Petitioner was arrested in May 1962, was indicted on July 16, 1962, was arraigned, and counsel was appointed to represent him, on July 27, 1962, and he was convicted on a plea of guilty on April 19, 1963. Thus, actually nine months elapsed between the time of his indictment and arraignment and the time of the entry of his plea of guilty. During the whole of such period, petitioner was represented by counsel, who at any time could have demanded the right to a speedy trial. There is no evidence that any demand was made.
It is well settled that the right to a speedy trial must be claimed, and a failure to urge such right or plea of guilty constitutes a waiver thereof. Partsch v. Haskins, Supt., 175 Ohio St., 139; Goman v. Maxwell, Warden, 176 Ohio St., 236; and Crider v. Maxwell, Warden, 174 Ohio St., 190.
Petitioner alleges also that his plea of guilty was coerced, basing such claim purely on the time that he was detained in *51 jail. As above pointed out, petitioner, during the nine-month period between his arraignment and plea, was represented by counsel who could have at any time made his demand for trial. It is clear that the delay arose as a result of petitioner’s own choosing and not from any action by the state.
Petitioner, in relation to his Summit County conviction, urges also that he was denied counsel, and that he was taken to trial without indictment. So far as counsel is concerned, petitioner waived counsel in writing. His argument in this respect is, “how can one waive a right when he has no one to advise him of this right?” Petitioner was well enough informed of his rights to demand the appointment of counsel at Ms preliminary hearings both in Stark and Summit Counties, and nine months prior to his entry of a plea in Summit County counsel was appointed to represent him in Stark County, wMch counsel was with him only a day or two before he entered his plea in Summit County. In view of such facts, petitioner cannot reasonably contend that he was not aware of his rights.
So far as the prosecution without indictment is concerned, petitioner after signing a written waiver of indictment was prosecuted by information pursuant to the statute (Section 2941.-021, Revised Code). This waiver recites that he was informed of his right to prosecution by indictment. Thus, the record shows that he was informed of such right and waived it.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.